

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 24, 1992

Honorable Eddie Cavazos
Chairman
Committee on Insurance
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-169

Re: Applicability of Water Safety Act to waterways in private subdivisions and related questions (RQ-402)

Dear Representative Cavazos:

You ask several questions about the authority to control boating and fishing in certain coastal waterways created in connection with the construction of private subdivisions. You advise that the waterways were "designed for the exclusive use of [such subdivisions'] residents" and that the subdivision plats state that the waterways "are specifically not dedicated to the use of the public." You also say that "[n]o portion of the waterways constitute a part of any previously existing public river, lagoon, bayou, lake, creek, bay, or inlet" but add that "[t]he waterways have as their only source of water the public water of the State of Texas of the Gulf of Mexico through interconnections with the Laguna Madre."

We first address your question whether the Water Safety Act, chapter 31 of the Parks and Wildlife Code, applies to such waterways. The Water Safety Act (the "act") generally relates to boating. *See* Parks & Wild. Code subchs. A (definitions and general provisions), B (identification of boats by numbering), B-1 (certificates of title), C (required equipment), D (boat traffic regulations), E enforcement and penalties). Section 31.004 of the act reads:

> The provisions of this chapter apply to all *public water* of this state and to all watercraft navigated or moving on the public water. Privately owned water is not subject to the provisions of this chapter. [Emphases added.]

Your question thus is whether the waterways you describe are "public waters" within the meaning of section 31.004.

Attorney General Opinion M-1210 (1972) dealt with a situation similar to the one you present, that is, the applicability of state water safety and fishing laws to canals dredged from bays along the Gulf coast into private property and affected by the ebb and flow of the tides. That opinion concluded that since the waterways in question there were connected with the tidal waters of the Gulf of Mexico, they were public waters such as to be subject to the state's fishing and boating laws. *See also* Parks & Wild. Code § 1.011(c); *Butler v. Sadler*, 399 S.W.2d 411 (Tex. Civ. App.--Corpus Christi 1966, writ ref'd n.r.e.) (waters of bays, inlets and arms of Gulf of Mexico are public property). It appears that the waterways you are concerned about are, similarly, connected to, and subject to the ebb and flow of the tides of the Gulf of Mexico. Under such circumstances, we believe that Attorney General Opinion M-1210 is dispositive of your question. The waterways you ask about are public waters within the meaning of section 31.004 of the Water Safety Act, and are therefore subject to the provisions of that act.

You also ask, whether, if the waterways in question are subject to the Water Safety Act, the "City of Corpus Christi [has] the authority to enact a no-wake ordinance or speed limit on the waterways." Parks and Wildlife Code section 31.092, a provision of the Water Safety Act, provides in subsection (a):

> The governing body of an incorporated city or town, with respect to public water within its corporate limits and all lakes owned by it, may designate by ordinance certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make *rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety.* The rules and regulations shall be consistent with the provisions of this chapter. [Emphases added.]

In our opinion, section 31.092 provides authority for the City of Corpus Christi to enact no-wake and speed limit regulations for the waterways in question, so long as such waterways are within the city's corporate limits and the regulations are consistent with other provisions of the Water Safety Act. *See also id.* § 31.095(b) (Water Commission may provide for standardization of speed limits for moving vessels, and no political subdivision may impose speed limits not in conformity therewith).

Your remaining question is whether private property owners or the property owners' associations of the subdivisions in question "have the right to control boating and fishing in the waterways within their subdivision?" Again, Attorney

General Opinion M-1210 concluded that waterways such as you describe were public waterways and that the power of the state to regulate fishing and boating in such waterways was absolute. We think it follows that private property owners or homeowners' associations have no right themselves to regulate public boating or fishing on such waters. Of course, the public's right to boat or fish on such public waters would not include the right to trespass on the adjoining owners' private lands; the private owners could prohibit or otherwise regulate access to such lands. *See Taylor Fishing Club v. Hammett*, 88 S.W.2d 127 (Tex. Civ. App.--Waco 1935, writ dism'd w.o.j.).

## S U M M A R Y

Waterways created in connection with the construction of private subdivisions which have as their only source of water the public waters of the Gulf of Mexico and which are subject to the ebb and flow of the tides thereof are public waters subject to state laws providing for the regulation of fishing and boating.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General